# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDA RENAVITZ, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, | Case No. 2:24-cv-10155 |
| Plaintiff (s), | |
| vs. | **WRONGFUL DEATH COMPLAINT** **FOOD POISONING** |
| BOAR'S HEAD PROVISIONS Co., INC., STOP & SHOP SUPERMARKET COMPANY, JANE DOES 1-10, JON DOES 1-10, ABC CORPS. 1-10., XYZ EMPLOYER I-X, (fictitious names), Defendant (s). | |

Plaintiff **LINDA RENAVITZ**, Individually and as Administrator and Personal Representative of the Estate of **ROBERT RENAVITZ ("Decedent")**, deceased, and through the undersigned counsel, brings this Complaint for compensatory and punitive damages against Defendant Boar's Head Provisions Co. Inc. and alleges upon information and belief the following:

## PARTIES

1. The Decedent, **ROBERT RENAVITZ**, was at all times relevant prior to his death, a resident of the City of Clifton, County of Passaic, State of New Jersey.

2. Plaintiff **LINDA RENAVITZ**, is the Decedent's surviving spouse and the wrongful death beneficiary of the Decedent.

3. Plaintiff **LINDA RENAVITZ**, at all times relevant, is a resident of the City of Clifton, County of Passaic, State of New Jersey.

4. Defendant, **BOAR'S HEAD PROVISIONS Co., Inc.** ("Boar's Head"), is incorporated in the State of Florida, with its headquarters and principal place of business in Sarasota, Florida.

5. Defendant Boar's Head, manufactures deli meat and conducts business in the Commonwealth of Virginia. Specifically in Jarratt, Virginia.

6. Defendant, **STOP & SHOP SUPERMARKET COMPANY** ("Stop & Shop") is incorporated in the State of Massachusetts and is headquartered in Quincy,

## JURISDICTION AND VENUE

7. The Jurisdiction of this Court is proper pursuant to 28 U.S. Code §1332, diversity of citizenship; amount in controversy. This matter far exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and there is diversity of citizenship between the Plaintiffs, residents of New Jersey, and the Defendants, residents of Florida, Virginia, and Massachusetts.

8. Venue and Jurisdiction are proper within the District Court of New Jersey because the facts giving rise to the Plaintiff's Complaint occurred in New Jersey.

## BACKGROUND

9. The Decedent, Robert Renavitz, died on June 5, 2024, from complications caused by Listeria Monocytogenes.

10. On May 28, 2024, the Plaintiffs purchased Boar's Head Liverwurst from Stop & Shop in Clifton, New Jersey.

11. Boar's Head produced liverwurst at its manufacturing facility in Jarratt, Virginia.

12. Boar's Head owns, operates, maintains, and controls the manufacturing facility in Jarratt, Virginia, where said Liverwurst was produced.

13. From May 28, 2024, to June 1, 2024, Mr. Renavitz, the Decedent, consumed Boar's Head Liverwurst, which was purchased from Stop & Shop in Clifton, New Jersey, on May 28, 2024, and was manufactured by Boar's Head in their Jarratt Virginia manufacturing plant.

14. On June 2, 2024, the Decedent became ill and 9-11 was called to render emergency aid to him. He had symptoms of generalized weakness, fever, and nausea. The Decedent was transported via ambulance to St. Mary's Hospital.

15. From June 2, 2024, through June 5, 2024, the Decedent remained hospitalized at St. Mary's Hospital as his condition deteriorated.

16. On or about June 4, 2024, the Decedent was read his last rights and went over his living will directives in anticipation of his imminent demise, which caused the Decedent to experience significant mental anguish, pain, and suffering.

17. Laboratory and diagnostic testing confirmed the presence of Listeria Monocytogenes living in the Decedent's blood at the time of the Decedent's death.

18. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head in Jarratt, Virginia, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

19. Further, local and state health officials confirmed the Listeria from the Boar's Head outbreak and present in the Decedent's blood caused the Decedent's premature demise.

**The Boar's Head Listeria Outbreak**

20. Boar's Head manufactures its deli meats at its manufacturing plant in Jarrat, Virginia.

21. From June 1, 2023, to August 2, 2024, The United States Department of Agriculture, Food and Safety and Inspection Services issued **84 non-compliances** to the Boar's Head manufacturing plant in Jarrat, Virginia.

22. The United States Department of Agriculture, Food and Safety and Inspection Services defines "noncompliance" as a finding by IPP during the performance of a verification task that an establishment has not complied with one or more regulatory requirements. A noncompliance record may contain one or more noncompliances found during a single verification task. For each task, no more than one noncompliance record may be generated.

23. On July 24, 2023, a United States Department of Agriculture, Food and Safety inspector observed, while inspecting the Jarratt Boar's Head manufacturing facility, specifically, in a raw cooler, a dead grasshopper, two (2) cockroaches, four (4) black beetles, one (1) fly, and five small flying insects were found.

24. On August 3, 2023, a United States Department of Agriculture, Food and Safety inspector observed heavy discolored raw meat buildup around a hydraulic pump while inspecting the Jarratt Boar's Head manufacturing facility. Around the pump, raw meat, wood pieces, and plastic were present. The raw beef caused an obvious foul order.

25. On February 21, 2024, a United States Department of Agriculture, Food and Safety inspector observed ample blood puddles on the floor and the food racks in a raw receiving cooler while inspecting the Jarratt Boar's Head manufacturing facility. The

racks were so heavily soiled that they appeared to leak blood steadily. The inspector also noted that the cooler smelt rancid.

26. On June 10, 2024, a United States Department of Agriculture, Food and Safety inspector observed approximately 15 to 20 flies going in and out of 4 vats of pickles, and small flying gnat-like insects were observed crawling on the walls and flying around the Jarratt Boar's Head manufacturing plant. Further observed on the plant's walls was a heavy build-up of pink/orange discoloration and denaturant spray on them. Further observed trash and meat build up on the floor as well as seven (7) ladybugs, one (1) beetle-like insect, and one (1) cockroach-like insect.

27. Defendant Boar's Head recalled deli meats manufactured in their Jarratt, Virginia, manufacturing facility on July 26, 2024, including the liverwurst consumed by the Decedent.

28. On July 30, 2024, Defendant Boar's Head expanded its July 26, 2024, recall of deli meat products to include approximately seven million pounds of food manufactured by Boar's Head in Jarratt, Virginia, after whole genome sequencing conducted by the Maryland Department of Health confirmed a presence of Listeria monocytogenes in Boar's Head Liverwurst. [1]

29. On July 31, 2024, The United States Department of Agriculture served Boar's Head with a Notice of Suspension that suspended manufacturing at the Boar's Head Jarratt Virginia plant because of a listeria outbreak that originated in that facility.

30. On September 30, 2024, Defendant Boar's Head announced the closure of its manufacturing facility in Jarrat, Virginia, indefinitely amidst an outbreak of Listeria infections.

---

[1] https://www.fsis.usda.gov/recalls-alerts/boars-head-provisions-co--expands-recall-ready-eat-meat-and-poultry-products-due

**Listeria**

31. As of September 25, 2024, fifty-nine (59) cases of listeria contributed to the Boar's Head outbreak. Those cases consist of fifty-nine (59) hospitalizations and ten (10) deaths in 19 states. [2]

32. Epidemiologic, laboratory, and traceback data showed that meats sliced at delis, including Boar's Head brand liverwurst, were contaminated with *Listeria* and made people sick.[3]

33. Listeria spreads quickly among deli equipment, surfaces, hands, and food; refrigeration does not kill listeria. [4]

34. Listeria is especially harmful if you are sixty-five (65) or older or have a weakened immune system due to certain medical conditions or treatments. *Listeria* is more likely to spread beyond the gut to other body parts, resulting in a severe condition known as invasive listeriosis.[5]

35. When listeria is consumed, it can become a deadly condition.

36. In addition to death, Listeriosis can cause a host of symptoms, including—but not limited to—fever, muscle aches, headache, stiff neck, confusion, loss of balance, and convulsions, sometimes preceded by diarrhea or other gastrointestinal symptoms. Listeria poisoning can quickly lead to an invasive infection that spreads beyond the gastrointestinal tract.

---

[2] https://www.cdc.gov/listeria/outbreaks/delimeats-7-24.html
[3] https://www.cdc.gov/listeria/outbreaks/delimeats-7-24.html#:~:text=Source%20of%20the%20outbreak,can%20be%20contaminated%20with%20Listeria.
[4] https://www.cdc.gov/listeria/outbreaks/delimeats-7-24.html#:~:text=Source%20of%20the%20outbreak,can%20be%20contaminated%20with%20Listeria.

[5] https://www.cdc.gov/listeria/outbreaks/delimeats-7-24.html#:~:text=Source%20of%20the%20outbreak,can%20be%20contaminated%20with%20Listeria.

37. Listeriosis can be treated with specific antibiotics, but because it often takes a long time to grow the disease on a blood culture, antibiotic treatment is ineffective and often is ordered too late.

38. For those who suffer a Listeria infection that does not resolve on its own, as the Decedent did, the complications can be severe. The most common complication is septicemia, a bacterial infection of the blood.

39. Under the Centers for Disease Control and Prevention ("CDC"), of the fifty-nine (59) known cases of Listeria linked to the Boar's Head, ten (10) people have died. [6]

## COUNT I
## WRONGFUL DEATH

1. Plaintiff restates and realleges paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3. As a direct and proximate result of Defendants, Boar's Head, and Stop & Shop's tortious conduct, Decedent's Wrongful Death beneficiaries have been and will continue to be wrongfully deprived of the services, society, consortium, companionship, and comfort which Decedent would have provided. The beneficiaries have been and will continue to be, deprived of the guidance they would have received from the Decedent.

4. As a direct and proximate result of Defendants Boar's Head and Stop & Shop's tortious conduct, the Decedent's Wrongful Death beneficiaries suffered, are suffering for an indefinite period, and in the future will suffer a loss of financial support and the

---

[6] https://www.cdc.gov/listeria/outbreaks/delimeats-7-24.html#:~:text=Source%20of%20the%20outbreak,can%20be%20contaminated%20with%20Listeria.

7

beneficiaries have been wholly deprived of the contributions that they would have received from Decedent including money which Decedent would have provided for such items as clothing, shelter, food, medical care, vacations, entertainment, recreation and gifts.

5. As a direct and proximate result of Defendants Boar's Head and Stop & Shop's tortious conduct, Decedent's Wrongful Death beneficiaries incurred and paid various sums of money for medical treatment, hospital care, and medicine rendered to Decedent from the time of his injury until the time of his death.

6. As a direct and proximate result of the Defendant, Boar's Head, and Stop & Shop's tortious conduct, the Decedent's Wrongful Death beneficiaries have been caused to incur funeral, burial, and estate administration expenses.

7. Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, brings this action on behalf of all Wrongful Death beneficiaries and seeks all damages recoverable under the New Jersey Wrongful Death Statute.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such, and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT II
## STRICT LIABILITY

1. Plaintiff restates and realleges Count I and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3. At all times relevant, defendant Boar's Head was the manufacturer, packager, distributor, and or seller of contaminated food, particularly liverwurst deli meat, that the Decedent purchased and/or consumed.

4. At all times relevant, defendant Stop & Shop was the seller of contaminated food that the Decedent purchased and/or consumed, particularly liverwurst deli meat.

5. Said Liverwurst was designed, manufactured, produced, packaged, marketed, sold, and distributed by Defendants, Boar's Head and Stop 7 Shop, John/Jane Does 1-10, and ABC Corporations 1-10, jointly, severally and/or in the alternative, by and through their employees and agents, in a defective condition, unreasonably dangerous to consumers, and was in such defective condition on and before May 28, 2024, in that it was infected with active and deadly listeria bacteria, defectively designed, manufactured, produced, packaged, sold, and distributed; constituted a dangerous hazard to consumers; was unsafe for its intended use; was deadly, was improperly designed, manufactured, produced, packaged, tested, inspected, distributed, and sold; was otherwise defective and fatal; and the aforesaid Defendants are strictly liable to Plaintiff.

6. The contaminated food product that Defendant Boar's Head manufactured, packaged, distributed, or sold was, at the time it left Defendant's control, defective and unreasonably dangerous for its ordinary and expected use, which was for human food, by the intended public, including the Decedent, because defendant's product was

infected and contained an active listeria bacterium that when consumed by the Decedent was fatal.

7. Defendants Boar's Head and Stop & Shop manufactured, packaged, distributed, and/or sold the contaminated food product delivered to Plaintiff, the Decedent, without changing its defective condition. The Decedent consumed the contaminated food product in the manner expected and intended, ultimately causing his wrongful death.

8. The Defendants' product, liverwurst deli meat, contained a marketing defect when it left the Defendant's possession and control because it contained living listeria bacteria within it. Defendants failed to properly handle and inspect the product to realize the *listeria* pollution and to give adequate warnings of the product's known dangers or by applying reasonably developed human skills and foresight should have been known. Defendants also failed to give adequate warnings and instructions to avoid such risks. The defendant's failure to provide such warnings and instructions rendered the product unreasonably dangerous to the public, including the Decedent, which ultimately caused his demise.

9. Defendant Boar's Head and Stop & Shop, jointly, severally, and/or in the alternative expressly and/or impliedly warranted and resented improperly that Boar's Head liverwurst was of good merchantable quality and fit for consumption.

10. Defendants Boar's Head and Stop & Shop owed a duty of care to the public, including the Decedent, Robert Renavitz, to manufacture, package, distribute, warn, and/or sell food that was not contaminated and that was free of listeria or other substances harmful and/or fatal to human life. The Defendants breached their duty.

11. Defendants Boar's Head and Stop & Shop owed a duty of care to the public, including the Decedent, Robert Renavitz, to manufacture food that was fit for human

consumption and safe to consume to the extent contemplated by a reasonable consumer. The Defendant breached their duty.

12. As a direct and proximate cause of the defective and unreasonably dangerous condition of the contaminated liverwurst ingested by the Decedent, Robert Renavitz, that the Defendants manufactured, packaged, distributed, failed to warn of, distributed, and or sold as set forth above, the Decedent sustained personal injuries, mental anguish, pain and suffering including the awareness of his demise, and his wrongful death and his estate and Decedent's surviving spouse, both individually and as the wrongful death beneficiary of the estate suffered damages.

13. All Defendants are strictly liable to Plaintiff under the New Jersey Products Liability Act, N.J.S.A. 2A:58C-1, et seq.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT III
## NEGLIGENCE

1. Plaintiff restates and realleges Counts I, II and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it

11

became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3.  At all times relevant, defendant Boar's Head was the manufacturer, packager, distributor, and or seller of contaminated food, particularly liverwurst deli meat, that the Decedent purchased and/or consumed.

4.  At all times relevant, defendant Stop & Shop was the seller of contaminated food that the Decedent purchased and/or consumed, particularly liverwurst deli meat.

5.  Said Liverwurst was designed, manufactured, produced, packaged, marketed, sold, and distributed by Defendants, Boar's Head and Stop & Shop, John/Jane Does 1-10, and ABC Corporations 1-10, jointly, severally and/or in the alternative, by and through their employees and agents, in a defective condition, unreasonably dangerous to consumers, and was in such defective condition on and before May 28, 2024, in that it was infected with active and deadly listeria bacteria, defectively designed, manufactured, produced, packaged, sold, and distributed; constituted a dangerous hazard to consumers; was unsafe for its intended use; was deadly, was improperly designed, manufactured, produced, packaged, tested, inspected, distributed, and sold; was otherwise defective and fatal; and the aforesaid Defendants are strictly liable to Plaintiff.

6.  The contaminated food product that Defendant Boar's Head manufactured, packaged, distributed, and/or sold was, at the time it left Defendant's control, defective and unreasonably dangerous for its ordinary and expected use, which was for human food, by the intended public, including the Decedent, because defendant's product was infected and contained an active listeria bacterium that when consumed by the Decedent was fatal.

12

7. Defendants Boar's Head and Stop & Shop manufactured, packaged, distributed, and/or sold the contaminated food product delivered to Plaintiff, the Decedent, without changing its defective condition. The Decedent consumed the contaminated food product in the manner expected and intended, ultimately causing his wrongful death.

8. The Defendants' product, liverwurst deli meat, contained a marketing defect when it left the Defendant's possession and control because it contained living listeria bacteria within it. Defendants failed to properly handle and inspect the product to realize the listeria pollution and to give adequate warnings of the product's known dangers or by applying reasonably developed human skills and foresight should have been known. Defendants also failed to give adequate warnings and instructions to avoid such risks. The defendant's failure to provide such warnings and instructions rendered the product unreasonably dangerous to the public, including the Decedent, which ultimately caused his demise.

9. Defendants Boar's Head and Stop & Shop, jointly, severally, and/or in the alternative expressly and/or impliedly warranted and resented improperly that Boar's Head liverwurst was of good merchantable quality and fit for consumption.

10. Defendants Boar's Head and Stop & Shop owed a duty of care to the public, including the Decedent, Robert Renavitz, to manufacture, package, distribute, warn, and/or sell food that was not contaminated and that was free of listeria or other substances harmful and/or fatal to human life. The Defendants breached this duty.

11. Defendants Boar's Head and Stop & Shop owed a duty of care to the public, including the Decedent, Robert Renavitz, to manufacture food that was fit for human consumption and safe to consume to the extent contemplated by a reasonable consumer. The Defendant breached this duty.

12. As a direct and proximate cause of the defective and unreasonably dangerous condition of the contaminated liverwurst ingested by the Decedent, Robert Renavitz, that the Defendants manufactured, packaged, distributed, failed to warn of, distributed, and or sold as set forth above, the Decedent sustained personal injuries, mental anguish, pain and suffering including the awareness of his demise, and his wrongful death and his estate and Decedent's surviving spouse, both individually and as the wrongful death beneficiary of the estate suffered damages.

13. All Defendants are liable to Plaintiff under New Jersey law for their negligence and carelessness.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiff restates and realleges Counts I, II, III, and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

14

3. The defendants, Boar's Head, had a duty of ordinary care towards the Decedent in the preparation, testing, packaging, labeling, marketing, distribution, and sale of their product, liverwurst. This duty required them to ensure that the product was safe and did not pose an unreasonable risk of harm to consumers, including the Decedent when used in a foreseeable manner.

4. Additionally, the Defendant, Boar's Head, had a duty to warn the Decedent, Robert Renavitz, about hazardous or life-threatening conditions regarding the product. Specifically, the presence of fatal bacteria in their product.

5. At all times, Defendant Boar's Head knew or should have known through ordinary care that its product was poisoned with listeria.

6. The Defendant was aware, or should have been aware, that the listeria present in its product was invisible to the naked eye and, when ingested during normal and foreseeable use, could and did lead to the terminal illness and death of the Decedent, Robert Renavitz.

7. Plaintiff Linda Renavitz is the surviving lawful spouse of Robert Renavitz, the Decedent.

8. Due to the negligence of the Defendant Boar's Head, Linda Renavitz observed the Decedent's suffering from June 2nd, 2024, to June 5th, 2024.

9. Plaintiff Linda Renavitz observed doctors at St. Mary's Hospital inform the Decedent that his demise was nearing. His last rites were administered, his living will directives confirmed, and the decision was made to remove him from the ventilator. Plaintiff Linda Renavitz held the Decedent's hand as he died.

10. Due to the severe pain and premature death of the Decedent, Plaintiff Linda Renavitz has suffered and continues to experience significant emotional distress caused by the negligence of the Defendants.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against Defendanst Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT V
## CONSUMER FRAUD ACT

1. Plaintiff restates and realleges Counts I, II, III, IV and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3. Defendant Boar's Head participated in Consumer Fraud in violation of **N.J.S.A**. 56:8-1, et. seq., in the unconscionable manner by which Defendant manufactured, distributed, marketed, and sold liverwurst.

4. The Defendants deliberately withheld information concerning the contents and cleanliness of their Jarratt Virgina manufacturing plant after being notified of eighty-four, (84) noncompliance issues directly reported to Boar's Head by federal inspectors during the prior year.

5. The defendant, Boar's Head, had actual notice of known health and human safety dangers posed by the product and its manufacturing practices.

6. The Defendants deliberately made false and misleading statements in the product's advertising and marketing, including describing it as safe for human consumption.

7. The Defendants made this dangerous product available for purchase by any consumer without warning of the severe threat to health and human safety.

8. As a direct and proximate result of the fraudulent and immoral design, manufacturing, marketing, sale, and lack of warning, as detailed above, Robert Renavitz sustained fatal personal injuries.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT VI
## RECKLESSNESS

1. Plaintiff restates and realleges Counts I, II, III, IV, V, and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3. The injuries and damages described were caused by the recklessness of Defendant Boar's Head, individually and collectively, through their agents, workers, servants, and employees.

4. Defendants Boar's Head and Stop & Shop exhibited outrageous behavior, as their actions and failures to act demonstrated a reckless indifference to the safety of others. They knew or had reason to know that specific facts presented a significant risk of physical harm and even death to others. Specifically, federal food and safety inspectors levied many sanitary infections against Boar's Head's manufacturing plant.

5. Despite being aware of the sanitary infractions, the defendants acted with willfulness, wantonness, and deliberation or failed to act as previously described. Their actions were taken with reckless disregard for, or indifference to, the safety and well-being of others, including the Decedent.

6. Despite being aware of the risks, Defendant Boar's Head willfully and recklessly chose or failed to act as described above. This decision, driven by business motivations to increase profits, showed a conscious disregard for the safety and well-being of others, including the Decedent. Defendants' willful, wanton, deliberate, reckless, and unlawful actions and inactions, as stated above, proximately caused the fatal injuries to the Decedent and damage set forth herein.

7. Defendants should face appropriate punishment through the imposition of punitive damages. Additionally, it is crucial to deter Defendants and others from manufacturing, distributing, and selling dangerous products, as well as from neglecting the safety of individuals like the Decedent in the future.

**WHEREFORE**, Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, deceased, demands damages against

Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## BREACH OF EXPRESS WARRANTY
## COUNT VII

1. Plaintiff restates and realleges Counts I, II, III, IV, V, VI, and paragraphs 1-39 as if fully restated herein.

2. Under *NJ Rev Stat § 12A:2-315 (2023),* at the time of sale, Defendants Boar's Head and Stop & Shop warrantied that the liverwurst consumed by the Decedent was safe and reliable for human consumption.

3. Defendants Boar's Head and Stop & Shop manufactured, distributed, supplied, and sold the liverwurst and its components, which the Decedent ingested, resulting in his listeria infection.

4. Defendants Boar's Head & Stop & Shop, through its manufacture, distribution, supply, and sale of liverwurst and its components, expressly warranted that their liverwurst and its components were reasonably safe for consumption and ordinary use.

5. Defendants Boar's Head and Stop & Shop was the manufacturer, distributor, supplier, and seller of the liverwurst consumed by the Decedent that caused the Decedent's exposure to his listeria infection and, consequently, his demise.

6. The Defendants did not disclaim any warranties.

7. Contrarily, the Defendants, including the Decedent, advertised and expressly promised the public that its liverwurst was healthy and safe for consumption.

8. The liverwurst products manufactured, supplied, and sold by Defendant Boar's Head and Stop & Shop, which the Decedent consumed, Robert Renavitz, contained a deadly outbreak of listeria; as such, the liverwurst was unreasonably dangerous for its ordinary and foreseeable use.

9. The liverwurst products were contaminated with Listeria when they left the defendants' possession and control and were consumed by the Decedent.

10. Defendants Boar's Head breached the warranty of the safety of its foods for their expected and foreseeable purposes. As a direct and proximate result of the Defendants' breach of warranty, Plaintiff Robert Renavitz sustained fatal injuries, significant pain and suffering, and mental anguish, as did his estate and surviving spouse.

**WHEREFORE** Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

**COUNT VIII**
**IMPLIED WARRANTY OF MERCHANTABILITY**
**IMPLIED WARRANTY UNDER U.C.C**

1. Plaintiff restates and realleges Counts I, II, III, IV, V, VI, VII and paragraphs 1-39 as if fully restated herein.

2. The liverwurst consumed by the deceased was purchased from Stop & Shop in Clifton, New Jersey. It was produced by Boar's Head, and during the manufacturing process, it became contaminated with an active listeria infection. This infection spread to the Decedent when he ate the liverwurst, ultimately leading to his death.

3. Defendants Boar's Head and Stop & Shop are merchants because they deal in goods or have knowledge or skill peculiar to goods involved in the transaction.

4. At the time of sale, the liverwurst purchased by the plaintiff from the defendants was not merchantable because it contained an active listeria infection. The plaintiff suffered fatal injuries due to products sold by the defendants, i.e., the liverwurst.

5. Defendants had notice of the unsanitary conditions of its manufacturing plant from federal food and safety inspectors.

6. Defendants Boar's Head breached the warranty of merchantability of the safety of its foods for their expected and foreseeable purposes. As a direct and proximate result of the Defendants' breach of warranty of merchantability, Plaintiff Robert Renavitz sustained fatal injuries, significant pain and suffering, and mental anguish, as his estate and surviving spouse did.

**WHEREFORE** Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT IX
## IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

1. Plaintiff restates and realleges Counts I, II, III, IV, V, VI, VII, VIII, and paragraphs 1-39 as if fully restated herein.

2. Under ***NJ Rev Stat § 12A:2-314 (2023),*** merchant for the sale of goods contains an implied warranty that the goods are fit for ordinary purposes for which the goods are used.

21

3. Defendant Boar's Head and Stop & Shop are merchants because they deal in goods or have knowledge or skill peculiar to goods involved in the transaction.

4. A merchant who sells goods implicitly guarantees that the items are of merchantable quality. This means that the goods will pass without objection in the trade, are suitable for their ordinary purposes, and are adequately contained, packaged, and labeled.

5. The liverwurst manufactured, distributed, supplied, and sold was objectionable because it contained a fatal bacterium, listeria.

6. The defendants breached the above-described implied warranties by manufacturing, distributing, and supplying the liverwurst tainted with listeria.

7. As a direct and proximate result of the Defendants' breach of warranty, Plaintiff Robert Renavitz sustained fatal injuries. The Decedent also sustained great pain and, suffering and mental anguish, as did his estate and surviving spouse.

**WHEREFORE** Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

## COUNT X
## SURVIVAL

1. Plaintiff restates and realleges Counts I, II, III, IV, V, VI, VII, VIII, IX,  and paragraphs 1-39 as if fully restated herein.

2. As a direct and proximate result of Defendants' tortious conduct, Decedent was caused to suffer devastating pain, suffering, and mental anguish; he sustained a loss of earnings and a loss of earning capacity; he suffered a loss of enjoyment of life and loss of life's

pleasures; and was prevented from performing all his usual duties, occupations and hobbies, all to his significant loss and detriment.  As a result, Plaintiff Linda Renavitz, individually and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, seeks all damages recoverable under the New Jersey Survival Statute.

**WHEREFORE** Plaintiff Linda Renavitz, individually, and as Administrator and Personal Representative of the ESTATE of ROBERT RENAVITZ, demands damages against Defendants Boar's Head and Stop & Shop for compensatory damages, economic damages, plus interest from the date of injury and costs and punitive damages and such and further relief as may be just and proper including an award of attorney fees as may be permitted by law.

<u>**TRIAL BY JURY IS DEMANDED BY PLAINTIFF**</u>

CORRADINO & PAPA, LLC.

By _____

FRANCIS M. PARISI, ESQ.
**Bar Number: 111562014
955 Allwood Road
Clifton, New Jersey 07012
(973) 574-1200
Francis@corradinoandpapa.com**

Date:   October 25, 2024