UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

Newark Division

LINDA RENAVITZ,

    Plaintiff,

v.                                             No.: 2:24-cv-10155(JKS)(LDW)

BOAR'S HEAD PROVISION CO., INC.,               Motion Date: March 17, 2025

    Defendant.

**REPLY IN FURTHER SUPPORT OF DEFENDANT
BOAR'S HEAD PROVISIONS CO., INC.'S PARTIAL MOTION TO
DISMISS THE AMENDED COMPLAINT**

## TABLE OF CONTENTS

ARGUMENT ............................................................................................................ 2

I. PLAINTIFF FAILS TO PLEAD THAT ANY STATEMENT WAS THE "BASIS FOR THE BARGAIN." ........................................................... 2

    A. Plaintiff's Allegations Are Defectively Conclusory ............................. 2

    B. All Information About Reliance Would Be In Plaintiff's Control And Could Have And Should Have Been Included In The FAC. ................................................................................................ 6

II. PLAINTIFF FAILS TO REFUTE THAT THE STATEMENTS DO NOT RISE TO THE LEVEL OF EXPRESS WARRANTIES. ...................... 8

III. DISMISSAL SHOULD BE WITH PREJUDICE. ....................................... 10

CONCLUSION ....................................................................................................... 11

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*,
   No. CV 20-18509 (SRC), 2021 WL 1840039 (D.N.J. May 7, 2021) ................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................3, 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................3, 6

*BK Trucking Co. v. Paccar, Inc.*,
   No. CV 15-2282, 2016 WL 3566723 (D.N.J. June 30, 2016) ..........................2

*Cipollone v. Liggett Grp., Inc.*,
   893 F.2d 541 (3d Cir. 1990), *overruled on other grounds*, 505 U.S.
   504 (1992) ................................................................................................2, 3

*Cohen v. Subaru of Am., Inc.*,
   No. 1:20-CV-08442(JHR)(AMD), 2022 WL 721307 (D.N.J. Mar.
   10, 2022) ................................................................................................8, 9

*Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*,
   836 F.2d 173 (3d Cir. 1988) ........................................................................4

*EP Henry Corp. v. Cambridge Pavers, Inc.*,
   383 F. Supp. 3d 343 (D.N.J. 2019) ............................................................8, 9

*Greisberg v. Bos. Sci. Corp.*,
   No. CV 19-12646, 2020 WL 4435409 (D.N.J. Aug. 3, 2020) ..........................9

*Greisberg v. Bos. Sci. Corp.*,
   No. CV 19-12646, 2021 WL 2349760 (D.N.J. June 9, 2021) ..........................5

*Lutz v. Portfolio Recovery Assocs.*,
   LLC, 49 F. 4th 323 (3d Cir. 2022) ................................................................6

*New Jersey Citizen Action v. Schering–Plough Corp.*,
   367 N.J. Super. 8, 842 A.2d 174 (App. Div. 2003) ........................................9

*Newborn Bros. Co. v. Albion Eng'g Co.*,
   481 F. Supp. 3d 312 (D.N.J. 2020) ................................................................................ 8

*Olson v. Ako*,
   724 F. App'x 160 (3d Cir. 2018) .................................................................................. 4

*Save Long Beach Island v. U.S. Dep't of Com.*,
   721 F. Supp. 3d 317 (D.N.J. 2024) .............................................................................. 4

**Statutes**

N.J.S.A. § 12A:2-313 ............................................................................................................ 2

**Rules**

Federal Rule of Civil Procedure 15 ...................................................................................... 4

Federal Rule of Civil Procedure 12 ................................................................................. 1, 6

Defendant Boar's Head Provisions Co., Inc. ("Boar's Head" or "Defendant") respectfully submits this reply memorandum of law in further support of its motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss, with prejudice, Count II of the First Amended Complaint ("FAC") of Plaintiff, Linda Renavitz ("Plaintiff"), individually and as administrator and personal representative of the estate of Robert Renavitz ("Decedent").

Plaintiff's opposition does not and cannot refute that the FAC does not allege facts that plausibly show that Plaintiff or Decedent ever saw the purported statements at issue – all of which the FAC lifts from Boar's Head's website – let alone relied upon them, as necessary to state an express warranty claim. Moreover, even if the FAC had sufficiently alleged awareness and reliance, the content of the alleged statements is classic opinion and puffery (primarily promoting the Boar's Head brand in general, not any specific product), which is not actionable under New Jersey law, and/or has no nexus to the *Listeria* matter at issue. Plaintiff's opposition does not cite any case that has found even remotely analogous statements to be actionable as an express warranty.

Accordingly, the Court should dismiss the express warranty claim with prejudice given that the FAC is already Plaintiff's second bite at the apple, and Plaintiff's opposition effectively concedes that Plaintiff does not have facts to support the claim.

# ARGUMENT

## I. PLAINTIFF FAILS TO PLEAD THAT ANY STATEMENT WAS THE "BASIS FOR THE BARGAIN."

### A. Plaintiff's Allegations Are Defectively Conclusory.

Plaintiff's opposition does not dispute the required elements for an express warranty claim as set forth in Defendant's opening brief (Opening Br. at 5),[1] including that a plaintiff's allegations must show, *inter alia*, that the Defendant's affirmation, promise or description of the product "became part of the basis of the bargain for the product." *BK Trucking Co. v. Paccar, Inc.*, No. CV 15-2282 (JBS/AMD), 2016 WL 3566723, at *5 (D.N.J. June 30, 2016). The Third Circuit has held that "a plaintiff effectuates the 'basis of the bargain' requirement of section [N.J.S.A. § 12A:]2-313 by proving that she read, heard, saw or knew of the advertisement containing the affirmation of fact or promise." *Cipollone v. Liggett Grp., Inc.*, 893 F.2d 541, 567 (3d Cir. 1990), *overruled on other grounds*, 505 U.S. 504 (1992). The FAC contains no such factual allegations.

In her Opposition ("Opp."),[2] Plaintiff pays lip service to this requirement and the federal pleading standards by pointing to the FAC's allegations that "Decedent reasonably relied upon Boar'[*sic*] Head affirmation and promises that their [*sic*] product shall conform to their affirmation and promises, that Boar's Head was only

---

[1] Filed February 10, 2025, Dkt. 25.

[2] Filed February 26, 2025, Dkt. 37.

using the finest ingredients," FAC, Count II ¶ 4, and "in or about May 2024, the Boar's Head website contained the nutritional facts below the liverwurst….the decedent relied upon said Nutritional Facts, thus creating an express warranty." *Id.* ¶ 9. Both of these allegations are wholly conclusory, *see* Opening Br. 6-8, and neither of them meets the pleading standards imposed by *Iqbal/Twombly* that the complaint "must contain sufficient ***factual matter***, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The foregoing conclusory allegations on which Plaintiff relies are not entitled to a presumption of truth and "will not do." *Twombly*, 550 U.S. at 555. Neither allegation contains any facts to show that the Decedent or Plaintiff read, heard, saw, or knew of these statements, as required. The Opposition does not argue that *Cipollone* and similar cased cited by Boar's Head are inapplicable, nor does it provide countervailing authorities.

To the contrary, effectively conceding that the FAC does not satisfy federal pleading standards or the *Cipollone* requirement, Plaintiff attempts to insert "after the fact" allegations in her Opposition brief that Decedent and Plaintiff at some unidentified time "relied on Boar's Head advertising, read their website, listened to their infomercials, read their literature, and relied upon it to decide to be Boar's Head customers." Opp. 4-5. Such a tactic is prohibited in the Third Circuit. "[I]t is

3

'axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'" *Olson v. Ako*, 724 F. App'x 160, 166 (3d Cir. 2018) (quoting *Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Attempts to bring in new allegations through an opposition brief also run afoul of Federal Rule of Civil Procedure 15. *See Save Long Beach Island v. U.S. Dep't of Com.*, 721 F. Supp. 3d 317, 335 (D.N.J. 2024) ("Plaintiffs' attempt to amend their Complaint to allege injury-in-fact in their opposition brief runs afoul of Federal Rule of Civil Procedure 15, and, under clear Third Circuit instruction, such new facts are inappropriately considered at this juncture." (citing *Frederico v. Home Depot*, 507 F.3d 188, 201–22 (3d Cir. 2007) ("[W]e do not consider after-the-fact allegations"))).

In all events, that assertion is equally conclusory and defective. The allegation groups Plaintiff and Decedent together, but does not allege who actually saw what, let alone relied upon it in purchasing the liverwurst that is the subject of this case. Moreover, the vague, kitchen sink assertion referencing unidentified "advertising," "website," "infomercials," and "literature" does not even give basic notice to Defendant of what Plaintiff is claiming any such source actually said, which unidentified statement from any such source Plaintiff is claiming was an express warranty, or which unidentified statement from any such source Plaintiff or Decedent relied on.

4

Indeed, the only specific statement identified in the FAC that Plaintiff emphasizes in her Opposition is the theory that the Decedent purportedly relied upon the nutritional information, relying on the defective conclusory allegation discussed above. Opp. 8. Even with this focus, Plaintiff cannot remedy the FAC's failure to plead facts to show that she or Decedent ever visited the Boar's Head website prior to the purchase at issue, let alone visited the specific page containing nutritional information and read the nutritional information. *See Greisberg v. Bos. Sci. Corp.*, No. CV 19-12646, 2021 WL 2349760, at *7 (D.N.J. June 9, 2021) (dismissing a claim for breach of express warranty because the second amended complaint's allegations regarding plaintiff's doctor's purported recollection of advertisements of a medical device did not support the necessary inference that plaintiff "read, heard, saw or knew of the advertisement" containing the alleged express warranty before selecting the medical device.) (citations omitted); Mot. 6-8. Indeed, the allegations of reliance are particularly defective given Plaintiff's vague group pleading. The FAC does not even identify who purchased the product at issue. It confusingly alleges that "Plaintiffs purchased Boar's Head Liverwurst from Stop & Shop in Clifton, New Jersey." Comp. ¶ 10. The reference to "Plaintiffs" plural does not make sense, because there is only one Plaintiff in this case, Linda Renavitz. As such, it is unclear if Plaintiff is alleging that she made the purchase, or whether the Decedent made the purchase. In turn, both the FAC and Plaintiff's Opposition are vague and

5

ambiguous as to who is alleged to have relied on an express warranty – Ms. Renavitz or the Decedent. And then there is a further gap of who actually allegedly saw what statement. In light of the numerous broken links in the chain, the Court cannot plausibly infer reliance on any purported express warranty.

> **B.     All Information About Reliance Would Be In Plaintiff's Control And Could Have And Should Have Been Included In The FAC.**

The Opposition effectively concedes that Plaintiff has not pled and cannot plead the elements of express warranty, and instead vaguely argues that discovery (specifically, depositions) will provide facts necessary to support the "basis of bargain"/reliance element of the express warranty claim. Opp. 8-9. This position inverts the nature of a Rule 12(b)(6) motion: if a plaintiff cannot allege facts in his or her complaint, the law does not allow said plaintiff to engage in discovery to "find" those facts.

As the Third Circuit has held, a complaint must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the necessary elements of a claim. *Lutz v. Portfolio Recovery Assocs.*, LLC, 49 F. 4th 323, 328 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). But if "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted)). The FAC falls into the latter category. Even after being

6

put on notice by Boar's Head's original motion to dismiss (Dkt. 15) that the law requires pleading facts to show awareness of the statements through reading, seeing or hearing, Plaintiff still could not plead these facts in the FAC. Instead, Plaintiff stuck to conclusory allegations that merely recite the reliance element without pleading facts to show how it was satisfied (*i.e.*, who allegedly relied on what). FAC, Count II, ¶ 4; *see also id.* ¶ 9.

Plaintiff's claimed need for discovery to plead the claim is also perplexing, and meritless, because all facts regarding the Decedent's or Plaintiff's conduct are within the control of Plaintiff. Defendant would not have such information. Moreover, Plaintiff's argument that "[u]nfortunately, we cannot specifically ask the decedent when he visited Boar's Head's website" (Opp. 8) is effectively an admission that Plaintiff cannot plead or prove her claim. Plaintiff does not cite any law, and Defendant is aware of none, that pleading and proving the reliance element for an express warranty claim is somehow excused in a wrongful death case.

For this reason and the reasons expressed in the section above, Count II fails to allege that any statement formed the "basis of the bargain," a necessary element to an express warranty claim. Count II should be dismissed with prejudice for this reason alone.

## II. PLAINTIFF FAILS TO REFUTE THAT THE STATEMENTS DO NOT RISE TO THE LEVEL OF EXPRESS WARRANTIES.

Even if Plaintiff could get past the failure to plead reliance, which she cannot, Count II should also be dismissed because the Statements are non-actionable puffery/opinion and/or are not alleged to have been inaccurate. *See* Opening Br. 8-12.

The Opposition relies on inapposite cases and cites no cases in support of Plaintiff's argument that the liverwurst's nutrition information could be considered an actionable affirmation bearing a nexus to the listeria outbreak. Nor does Plaintiff argue that any of the nutritional information is inaccurate. The Opposition also argues that generalized brand promotion such as "finest ingredients" and "committed to excellence" are somehow verifiable through "market research" against competitors. Opp. 7. This notion is discredited by Plaintiff's own cases.

Plaintiff relies on *EP Henry Corp. v. Cambridge Pavers, Inc.*, 383 F. Supp. 3d 343 (D.N.J. 2019) and *Newborn Bros. Co. v. Albion Eng'g Co.*, 481 F. Supp. 3d 312 (D.N.J. 2020), both of which deal with false advertising claims under the Lanham Act; there were no express warranty claims at issue. There is also a citation, without context, to discussion of fraudulent concealment/omission claims in *Cohen v. Subaru of Am., Inc.*, No. 1:20-CV-08442(JHR)(AMD), 2022 WL 721307, at *18 (D.N.J. Mar. 10, 2022). Not only are these cases inapplicable to the express warranty claim at issue here, the cases are also factually inapposite to Plaintiff's position. In

8

fact *Cohen*, actually undermines Plaintiff's argument. In that case, the court held that materials promoting the "safety," "dependability," and "reliability" of Subaru vehicles – similar to the statements at issue here – were non-actionable and dismissed the fraud claims. 2022 WL 721307, at *18. In *EP Henry Corp.*, the court ruled that the statement that "only EP Henry can provide" a superior manufacturing process was actionable *under the Lanham Act* but that statements such as "unrivaled beauty and durability" and "Durafacing. A step above the rest" were ***not*** actionable because they are "statements of superiority" and "EP Henry's own subjective opinion." 383 F. Supp. at 350. To the extent that *Cohen* and *EP Henry* are applicable to the case at hand, they confirm that Boar's Head's subjective statements of the company's superiority (*i.e.*, using the "finest ingredients" and "committed to excellence") are not actionable. *See also New Jersey Citizen Action v. Schering–Plough Corp.,* 367 N.J. Super. 8, 13-14, 842 A.2d 174 (App. Div. 2003) (finding drug advertising was puffery when phrases such as "you. . . can lead a normal nearly symptom free life again" were used); *Greisberg v. Bos. Sci. Corp.*, No. CV 19-12646, 2020 WL 4435409, at *6 (D.N.J. Aug. 3, 2020) (generalized statements in defendant's advertisements of "trusted performance, timeless design, and established filter performance," were insufficient to support a claim for breach of express warranty); Opening Br. 8-11.

9

Moreover, Plaintiff's opposition has no valid response to the fact that the only specific product information that the FAC identifies – the nutritional facts for Boar's Head liverwurst – has no nexus to the *Listeria* issue. The nutritional facts do not even purport to be a complete list of ingredients for the liverwurst, as no ingredients are listed. They merely provide the amounts and/or percentages of certain nutrients in the liverwurst such as calories, fat, sodium, potassium, Vitamin A, *etc.* FAC, Count II, ¶ 9. In addition to failing to allege that amounts/percentages of certain nutrients are in any way incomplete or inaccurate, the Opposition cites no case law or other authority supporting her claim that a nutritional label is an express warranty with respect to a contamination outbreak. Nor does Plaintiff address Boar's Head's cases holding that similar labels do not create express warranties. *See* Mot. 11. As stated in the Motion, virtually every food product has a similar nutritional label. If the Court were to accept the express warranty claim in this case based on the nutritional label, it would effectively transform every food contamination case into an express warranty claim. But Plaintiff cites no law for such a baseless proposition.

For the foregoing reasons, Count II should be dismissed with prejudice.

## III.   DISMISSAL SHOULD BE WITH PREJUDICE.

Dismissal of Count II should be with prejudice. Plaintiff already invoked her right to amend and supplement her claim for Breach of Express Warranty following Boar's Head's initial motion to dismiss, and the amended pleading is still clearly

10

deficient. The statements referenced in the FAC do not come close to being express warranties, the Opposition effectively concedes that Plaintiff does not have facts to support the reliance element and no amount of discovery will remedy implausible claims or transform opinion and puffery into "express warranties." Given these circumstances, any further proposed amendments would be futile. *See A & E Harbor Transp., Inc. v. Tri-Coastal Design Grp., Inc.*, No. CV 20-18509 (SRC), 2021 WL 1840039, at *1 (D.N.J. May 7, 2021).

## CONCLUSION

For the reasons set forth herein, the Court should dismiss, with prejudice, Count II of the FAC, for Breach of Express Warranty.

| | |
|---|---|
| Dated: March 10, 2025 | Respectfully submitted, |
| | GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP |
| | By: */s/ Courtney I. Howard*_____<br>   Jacqueline G. Veit<br>   Martin S. Hyman (admitted PHV)<br>   Matthew C. Daly (admitted PHV)<br>   Courtney I. Howard |
| | 711 Third Avenue<br>New York, New York 10017<br>Telephone: (212) 907-7300<br>Facsimile: (212) 754-0330<br>jveit@golenbock.com<br>mhyman@golenbock.com<br>mdaly@golenbock.com<br>choward@golenbock.com |

and

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC
Alan M. Maxwell (admitted PHV)
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
(404) 832-9515
amaxwell@wwhgd.com

*Attorneys for Defendant* BOAR'S
HEAD PROVISIONS CO., INC.

# CERTIFICATION

I hereby certify that on this 10th Day of March, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: March 10, 2025

Respectfully submitted,

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP

By: /s/ *Courtney I. Howard*
    Jacqueline G. Veit
    Martin S. Hyman (PHV)
    Matthew C. Daly (PHV)
    Courtney I. Howard

711 Third Avenue
New York, New York 10017
Telephone: (212) 907-7300
Facsimile: (212) 754-0330
jveit@golenbock.com
mhyman@golenbock.com
mdaly@golenbock.com
choward@golenbock.com

and

WEINBERG WHEELER HUDGINS GUNN
& DIAL, LLC
Alan M. Maxwell (*pro hac vice* application to come)
3344 Peachtree Road NE, Suite 2400
Atlanta, Georgia 30326
(404) 832-9515
amaxwell@wwhgd.com

13

*Attorneys for Defendant* BOAR'S HEAD PROVISIONS CO., INC.